AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

### Western District of Pennsylvania

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| TALYA A LUBIT | ) | Case Number:  2:24-cr-00257-CCW-2 |
| | ) | |
| | ) | USM Number:  44192-511 |
| | ) | |
| | ) | _Jennifer H. Bouriat, Esq._ |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 & 2 _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit offense against the Unite States | 7/29/2024 | 1 |
| 18 U.S.C. § § 247(c) , 247(d)(5) and 2 | Damaging and defacing religious real property | 7/29/2024 | 2 |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_____9/10/2025_____
Date of Imposition of Judgment


_/s/ Christy Criswell Wiegand_
Signature of Judge


_Christy Criswell Wiegand, U.S. District Judge_
Name and Title of Judge


_____9/10/2025_____
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 4—Probation

Judgment—Page ___2___ of ___7___

DEFENDANT:    TALYA A LUBIT
CASE NUMBER:    2:24-cr-00257-CCW-2

# PROBATION

You are hereby sentenced to probation for a term of:

   5 years, at each of Counts One and Two, to run concurrently

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8.    You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.    If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10.   You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 4A — Probation

Judgment—Page __3__ of __7__

DEFENDANT: TALYA A LUBIT
CASE NUMBER: 2:24-cr-00257-CCW-2

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 4B — Probation

Judgment—Page  4  of  7

DEFENDANT:   TALYA A LUBIT
CASE NUMBER:  2:24-cr-00257-CCW-2

## ADDITIONAL PROBATION TERMS

1. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information including, but not limited to, copies of all federal and state income tax returns. The probation office may share financial information with the U.S. Attorney's Office.

2. You must not incur new credit charges, or open additional lines of credit, to include the leasing of any vehicle or other property, without the approval of the probation officer while restitution or other court ordered financial obligations are outstanding.

3. You must pay restitution that is imposed by this judgment in monthly installments of $175.00, or not less than 10 percent of your gross monthly earnings, whichever is greater. The first payment is due within 30 days of this judgment.

4. You must undergo a mental health evaluation and follow the recommendations of that evaluation, including any recommendation that you participate in an inpatient and/or outpatient mental health treatment program. You must follow the rules and regulations of the treatment program until satisfactorily discharged from the treatment program by the treatment provider and your discharge from the treatment program is approved by the United States Probation Office. The probation officer will supervise your participation in any recommended treatment program, including, among other things, determining the provider, location, modality, duration, and intensity of the treatment program.  The probation office may provide a copy of the
presentence investigation report to the mental health evaluator and mental health treatment provider, if so requested.

5. You must take all mental health medications that are prescribed by your treating physician.

6. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

7. You must not have direct or indirect contact with the victim in this case or any other member of the victim's immediate family to include, but not limited to his/her children, spouse, parents, or other persons restricted by the probation officer. This includes all forms of contact (i.e. telephonic, electronic text, social media, email, verbal, and physical). You must not initiate contact with the victim through third parties.

8. You must not knowingly enter the Chabad of Squirrel Hill, or the Jewish Federation of Greater Pittsburgh without first obtaining the permission of the probation officer.

9. You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes: (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

10. You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation/Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management requirements.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 4C — Probation

Judgment—Page    5    of    7

DEFENDANT: TALYA A LUBIT
CASE NUMBER: 2:24-cr-00257-CCW-2

## ADDITIONAL STANDARD CONDITIONS OF PROBATION

11. Non-standard computer devices possessed or accessible to you (such as smart TVs, refrigerators, game systems, and personal assistants) shall be assessed by the U.S. Probation/Pretrial Services Office (USPPSO) for risk and need of use. You must permit the United States Probation and Pretrial Services Office (USPPSO) to configure and/or manage approved non-standard devices for compliance with your Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

12. You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the awareness and approval of your officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

13. You may be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your officer.

14. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

15. You must allow the U.S. Probation/Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

16. You must submit your person, property, house, residence, vehicle, papers, computer devices, other electronic communications, network or cloud storage, data storage devices or media, and office, to a search conducted by a United States probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

17. You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

AO 245B  (Rev. 09/19)    Judgment in a Criminal Case
                         Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___7___

DEFENDANT: TALYA A LUBIT
CASE NUMBER: 2:24-cr-00257-CCW-2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 50.00 | $ 10,534.00 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Chabad of Squirrel Hill | | $5,000.00 | |
| Jewish Federation of Greater Pittsburgh | | $5,092.00 | |
| City of Pittsburgh | | $442.00 | |

| TOTALS | $ 0.00 | $ 10,534.00 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑  the interest requirement is waived for the    ☐  fine   ☑  restitution.

   ☐  the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT: TALYA A LUBIT
CASE NUMBER: 2:24-cr-00257-CCW-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __50.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
    See page 8.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B        Judgment in a Criminal Case
               Schedule of Payments

Defendant shall pay two special assessments of $25, totaling $50 to the United States District Court Clerk forthwith, unless she has already done so. The defendant shall make restitution payments at a rate of not less than 10 percent of her gross monthly earnings. The first payment shall be due within 30 days of this judgment. The victim's recovery is limited to the amount of its loss, and the defendant's liability for restitution ceases if and when the victim receives full restitution. The defendant shall pay the restitution jointly and severally with anyone convicted in this Indictment. The defendant shall apply all moneys received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation within 10 days of receipt, unless excused from doing so by Order of the Court.